UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRAL MUTUAL INSURANCE
COMPANY, an Ohio corporation,

       Plaintiff,

v

CONICAL CUTTING TOOLS, INC, a
Michigan Corporation, and PADNOS
RETAIL, INC, a Michigan Corporation

       Defendants.

Case No: 25-cv-1180
Hon.
Magistrate Judge

_____/

CORINNE F. SHOOP (P38145)
**GREGORY, MEYER & CHAPNICK, P.C.**
Attorneys for Plaintiff
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 - Fax
cshoop@gregorylaw.com

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Central Mutual Insurance Company, ("Central"), by and through its counsel Gregory, Meyer & Chapnick, P.C., and for its Complaint for Declaratory Judgment against Defendants Conical Cutting Tools, Inc, ("Conical") and Padnos Retail Inc ("Padnos"), pursuant to 28 U.S.C. 2201 and 2202 and Fed.R.Civ.P. 57, states as follows:

### I.     JURISDICTION AND VENUE

1. Plaintiff Central is an insurance company organized and existing under the laws of Ohio, with its principal place of business in Ven Wert, Ohio.

2. Defendant Conical, is a Michigan corporation with its principal place of business

1

in Grand Rapids, Michigan.

3. Defendant Padnos, is a Michigan corporation with its principal place of business in Holland, Michigan.

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332, because there is complete diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Jurisdiction is also proper pursuant to 28 U.S.C. 2201, because this action would settle a controversy and clarify Central's obligations, if any, under its policies of insurance. The controversy which is the subject of this action--Central's obligations under a commercial liability insurance policy and a commercial liability umbrella policy--are not at issue in any state court action.

6. Venue is proper in the Western District of Michigan, pursuant to 28 U.S.C. 1391(b)(1) and (2) because the principal places of business of Conical and Padnos are in Kent County and Ottawa County respectively, both of which fall within this judicial district (see 28 U.S.C. 102) and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

7. The allegations set out in this Complaint demonstrate a real, immediate, and justiciable controversy, which will continue to exist between the parties until it is resolved by this Court.

8. Pursuant to 22 U.S.C. 2201, this Court has the power to make binding declarations of the rights and obligations of the parties, and to adjudicate the dispute between them.

9. Central seeks a declaratory judgment pursuant to 28 U.S.C. 2201, 2202, et seq., and Fed.R.Civ.P. 57, against Conical and Padnos concerning Central's defense and indemnity

obligations under a Commercial General Liability Policy and a Commercial Liability Umbrella Policy it issued to Padnos. (**Exhibit 1,** Padnos CGL policy; **Exhibit 2**, Padnos Umbrella policy).

10. Declaratory relief is necessary given that a commercial lawsuit has been filed against Padnos, styled *Conical Cutting Tools, Inc, v Padnos Retail, Inc*, Kent County Circuit Court action 2024-00988-CB assigned to Judge T.J. Ackert ("*Conical* Action"). (**Exhibit 3**, *Conical* Action complaint).

11. There is an actual present and bona fide controversy between Central and Conical/Padnos with respect to whether Central's Policies issued to Padnos apply to the claims raised in the *Conical* Action.

12. Central requests that this Court declare the rights and obligations of the parties under the Central Policies pursuant to 28 U.S.C. 2201, et seq.

## II.     FACTS GIVING RISE TO THE ACTION

13. Central issued an Auto Recycling Policy to its insured Padnos, bearing number CLP 0586433 19, which was effective from October 1, 2022 to October 1, 2023. The Auto Recycling Policy included Commercial General Liability Coverage. (**Exhibit 1,** Padnos CGL Policy).

14. In addition, Central issued a Commercial Liability Umbrella policy to Padnos ("Umbrella policy"). The Umbrella Policy, number CXS 9586435 19, was effective from October 1, 2022 to October 1, 2023. (**Exhibit 2,** Padnos Umbrella Policy).

15. On information and belief, Padnos operates a processing business specializing in recycling of metals, plastics, paper & electronics at multiple locations in Michigan and Indiana.

16. On information and belief, Conical manufacturers steel and carbide cutting tools in Grand Rapids, Michigan.

17. On information and belief, Padnos occasionally purchased recyclable materials from Conical.

18. According to the Underlying *Conical* Action, starting in June 2023, Conical employee Corey Avery began to steal Conical's materials. (**Exhibit 3**, *Conical* Action complaint).

19. The *Conical* Action alleges that Conical employee Avery took these stolen materials to the Padnos Burton Recycling Center and sold them as scrap.

20. Padnos denies knowing or having any reason to know that the materials it purchased from Avery were stolen. (**Exhibit 4,** Padnos' Answer and Affirmative Defenses to the Conical Action).

21. On information and belief, during each sales transaction to Padnos, Avery declared that he was the owner of the material or had been authorized by the owner to sell the items. (**Exhibit 4,** Padnos' Answer).

22. The *Conical* Action alleges that Padnos paid Avery $7,178 for the materials he presented. (**Exhibit 3**, *Conical* Action)

23. Conical alleges that it is entitled to $2.4 million dollars from Padnos under the Michigan Scrap Metal Regulatory Act and Common-Law Conversion related to Padnos's purchases. (**Exhibit 3,** *Conical* Action).

24. Despite acknowledging that its own employee Avery stole its materials, Conical has filed suit against Padnos alone. (**Exhibit 3,** *Conical* Action).

25. Central has accepted the defense of Padnos in the *Conical* Action under a full reservation of rights.

### III. THE CENTRAL COMMERCIAL GENERAL LIABILITY POLICY AND ITS SCRAP METAL DEALERS AMENDATORY ENDORSEMENT

26. The liability provision of the Central Auto Recycling Policy state that Central will

defend and indemnify Padnos for "property damage" Padnos is legally obligated to pay as damages to which the liability policy applies. (**Exhibit 1,** Padnos CGL policy).

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
\* \* \*

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. [**Exhibit 1**, Padnos CGL policy, p 231[1]]

27. The policy defines an occurrence as an accident:

    **SECTION V – DEFINITIONS**
    \* \* \*
    13. "Occurrence" means: an accident, including continuous or repeated exposure to substantially the same general harmful conditions. [**Exhibit 1,** Padnos CGL policy, p 245]

28. An accident is an event that happens unexpectedly and unintentionally.

29. The *Conical* Action states that Padnos knowingly purchased Conical's stolen property from Avery and knowingly and intentionally converted these items. (**Exhibit 3,** *Conical* Action Complaint, ¶ 45, 52).

---

[1] The Padnos CGL policy and the Padnos Umbrella policy have been bates stamped at the bottom center of each page. The page cited refers to this bates stamp number.

30. Acts that are performed knowingly and intentionally cannot be accidental and therefore are not occurrences as defined in the Padnos CGL policy.

31. The Commercial General Liability Coverage Form also has exclusions of coverage.

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**
\* \* \*

**SECTION I – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
\* \* \*

**2. Exclusions**
This insurance does not apply to:
   **a. Expected or Intended Injury**
   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

   \* \* \*

   **j. Damage To Property**
   "Property damage" to:
   1. Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
   2. Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;
   3. Property loaned to you;
   4. Personal property in the care, custody or control of the insured;

   **k. Damage To Your Product**
   "Property damage" to "your product" arising of it or any part of it.

   **l. Damage to Your Work**
   "Property damage" to "your work" arising out of it or any part of it and included in the 'products-completed operations hazard'.
   This exclusion does not apply if the damaged work

>> or the work out of which the damage arises was performed on your behalf by a subcontractor. [**Exhibit 1,** Padnos CGL policy, p 231-232, 234-235]

32. As the allegations in the *Conical* Action Complaint are of intentional acts, damage to property, damage to your product, damage to your work and damage to impaired property or property not physically injured these allegations are excluded from coverage.

33. The *Conical* Action seeks an award of attorney fees. However, the Padnos CGL policy excludes coverage for attorney fees taxed against the insured.

>> **SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**
> 1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
> \* \* \*
> e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured. [**Exhibit 1,** Padnos CGL policy, p 238]

34. The Central Commercial General Liability Coverage Form includes a Scrap Metal Dealers Amendatory Endorsement which modifies the terms of the Commercial General Liability Policy by providing limited coverage for the "conversion" of materials:

>> **COMMERCIAL GENERAL LIABILITY**
>> **COVERAGE FORM**
>> \* \* \*
>> **SCRAP METAL DEALERS**
>> **AMENDATORY ENDORSEMENT**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>> \* \* \*
>> **CONVERSION COVERAGE**
>
> 1. **Insuring Agreement**
>
>> \* \* \*
> g. We will pay those sums that you become legally obligated to pay as damages because of a

7

> "conversion" to which this insurance applies. We will have the right and duty to defend you against any "suit" seeking those damages. However, we will have no duty to defend against any "suit" seeking damages for "conversion" to which this insurance does not apply. We may, at our discretion, investigate any "conversion" and settle any claim or "suit" that may result. But:
> 1) The amount we will pay for damages is limited as described in Section 4. Below;
> 2) Our right and duty to defend ends when we have used up the Conversion Coverage Aggregate Limit in the payment of judgments or settlements, or if the policy's General Aggregate Limit has been exhausted; and
> 3) A series of "conversion" claims filed on behalf of one claimant will be considered a single "conversion" claim.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. [**Exhibit 1,** Padnos CGL policy, p 276-278]

Under the Scrap Metal Dealers Amendatory Endorsement, a series of conversions of the property of a single person or entity is treated as a single conversion claim.

35. The Scrap Metal Dealers Amendatory Endorsement of the CGL policy defines conversion as the unknowing acquisition of materials from a seller without legal title:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> \* \* \*
> **SCRAP METAL DEALERS AMENDATORY ENDORSEMENT**
> \* \* \*
> **SECTION V – DEFINITIONS**
> \* \* \*
> **23.** "Conversion" means your unknowing acquisition of stock in trade from a seller who did not have a legal title to such stock. [**Exhibit 1,** Padnos CGL policy, p 280]

36. Coverage under the Scrap Metal Dealers Amendatory Endorsement is capped at $100,000.

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**
\* \* \*
**SCRAP METAL DEALERS
AMENDATORY ENDORSEMENT**
\* \* \*
**SCHEDULE**
\* \* \*
**CONVERSION COVERAGE**

Conversion Coverage Aggregate Limit:		$100,000

Conversion Coverage Each Occurrence Deductible: $5,000.
[**Exhibit 1,** Padnos CGL policy, p 276]

37.	The Scrap Metal Dealers Amendatory Endorsement excludes coverage for an insured's dishonest, fraudulent, criminal or malicious act, error or omission.

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**
\* \* \*
**SCRAP METAL DEALERS
AMENDATORY ENDORSEMENT
CONVERSION COVERAGE**
\* \* \*
**SECTION I - COVERAGES
COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
\* \* \*
**2.	Exclusions**
This insurance does not apply to damages arising, directly or indirectly, out of:
\* \* \*
**b.**	A dishonest, fraudulent, criminal or malicious act, error or omission committed by any insured, whether acting alone or in collusion with others, including the willful or reckless violation of any statute; [**Exhibit 1,** Padnos CGL policy, p 278]

38.	The *Conical* Action alleges Padnos knowingly purchased stolen metal articles. (**Exhibit 3**, *Conical* Action complaint, ¶ 21, 25, 35).

39.	The Scrap Metal Dealers Amendatory Endorsement places notice and record

keeping requirements on Padnos as conditions precedent to coverage:

**COMMERCIAL GENERAL LIABILITY**
**COVERAGE FORM**
\* \* \*
**SCRAP METAL DEALERS**
**AMENDATORY ENDORSEMENT**
\* \* \*

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**2.a.** You must see to it that we are notified as soon as practicable of a "conversion" which may result in a claim. To the extent possible, notice should include:
 **1)** How, when and where the "conversion" took place;
 **2)** The names and addresses of any witnesses; and
 **3)** The nature and location of any damage or loss arising out of the "conversion".

\* \* \*

**10.** **Recording Requirements**
You are required to maintain accurate books, records and accounts as follows:
 **a**. You must maintain a set of books showing a complete record of the business transacted including all purchases and sales for both cash and credit over $10,000;
 **b.** All such books, records and accounts shall be maintained for not less than one year following the termination of this insurance and any renewal thereof; and
 **c.** We shall have access to all such books, records and accounts. [**Exhibit 1,** Padnos CGL policy, p 279-280]

40. To the extent that Padnos did not comply with the notice or recording conditions precedent, there is no right to coverage under the CGL policy.

**IV.    THE PADNOS COMMERCIAL LIABILITY UMBRELLA POLICY**

41. The Commercial Liability Umbrella Policy issued by Central to Padnos provides coverage for property damage in excess of the available limits of the underlying CGL Policy.

**COMMERCIAL LIABILITY UMBRELLA**
**COVERAGE FORM**

\* \* \*

## SECTION I – COVERAGES
## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the and duty to defend the insured any "suit" seeking damages for such " bodily injuries" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.
   
   \* \* \*
   
   c. This insurance applies to "bodily injury" and "property damage" only if:
      1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [**Exhibit 2**, Padnos Umbrella policy, p 6].

42. The Umbrella policy defines "occurrence," "property damage," "retained limit,"

and "underlying insurance."

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM
\* \* \*
### SECTION V - DEFINITIONS
\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   \* \* \*

18. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
    
    \* \* \*

19. "Retained limit" means the available limits of "underlying

> insurance" scheduled in the Declarations or the "self-insured retention," whichever applies.
>
> * * *
>
> **24**. "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance. [**Exhibit 2,** Padnos Umbrella Policy, p 21-22]

43. The Schedule of Underlying Insurance in the umbrella policy lists the Padnos CGL policy as an underlying policy for the purposes of umbrella coverage. (**Exhibit 2,** Padnos Umbrella policy p 3)

44. To the extent the allegations in the *Conical* Action fail to set forth an occurrence, property damage, or a loss beyond the retained limits of the underlying Padnos CGL policy, there is no coverage.

45. Further, the Padnos Umbrella policy excludes coverage for expected or intended property damage.

**COMMERCIAL LIABILITY UMBRELLA
COVERAGE FORM**

* * *

> **SECTION I - COVERAGES
> COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> * * *
>
> **2. Exclusions**
> This insurance does not apply to:
> **a. Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. [**Exhibit 2,** Padnos Umbrella Policy. P 7]

46. The *Conical* Action states that Padnos knowingly purchased Conical's stolen property and knowingly and intentionally converted these items. (**Exhibit 3,** *Conical* Action Complaint, ¶ 21, 45, 52).

12

47. The Commercial Liability Umbrella Policy does not afford coverage for intentional acts and therefore it does not cover the allegations set forth in the *Conical* Action.

## COUNT I
## DECLARATORY RELIEF:

### The Central Commercial General Liability And Umbrella Policies Either Do Not Afford Coverage

48. Central incorporates the allegations set forth above as if stated fully herein.

49. Upon information and belief, Padnos and Conical dispute the contentions of Central as set forth herein.

50. There exists a real, actual and justiciable controversy between Central and Padnos and Conical related to the existence of Central's coverage for the claims set forth in the *Conical Action*.

51. A judicial determination of the rights and duties of the parties under the Central policies with respect to Central's defense and indemnification obligations in relation to the *Conical* Action is necessary and proper.

52. The parties have no other adequate remedy at law than to have their rights and duties determined as set forth herein.

53. The *Conical* Action states that Padnos knowingly purchased Conical's stolen property and knowingly and intentionally converted these items. (**Exhibit 3,** Kent County *Conical* Action Complaint, ¶ 45, 52).

54. Acts that are done knowingly and intentionally cannot be accidental and therefore not occurrences as defined in the Padnos CGL policy or the Padnos Umbrella policy and thus are not covered events or losses.

55. Further, the Conical Action seeks an award of attorney fees. However, the Padnos

CGL policy excludes coverage for attorney fees taxed against the insured.

56. The Scrap Metal Dealers Amendatory Endorsement of the Padnos CGL policy a series of conversions of Conical's property is treated as a single conversion claim and coverage is capped at capped at $100,000.

57. Further, the Scrap Metal Dealers Amendatory Endorsement excludes coverage for an insured's dishonest, fraudulent, criminal or malicious act, error or omission. The *Conical* Action alleges Padnos knowingly purchased stolen metal articles. (**Exhibit 3**, Conical Action complaint, ¶ 21, 25, 35).

58. To the extent that Padnos did not comply with the notice or recording conditions precedent of the Scrap Metal Dealers Amendatory Endorsement of the Padnos CGL policy, there is no coverage.

59. The Commercial Liability Umbrella Policy issued by Central to Padnos provides coverage for property damage in excess of the available limits of the underlying CGL Policy. To the extent the allegations in the *Conical* Action fail to set forth an occurrence, property damage, or a loss beyond the retained limits of the underlying Padnos CGL policy, there is no coverage.

60. Further, the Padnos Umbrella policy excludes coverage for expected or intended property damage. The *Conical* Action states that Padnos knowingly purchased Conical's stolen property and knowingly and intentionally converted these items. (**Exhibit 3,** *Conical* Action Complaint, ¶ 21, 45, 52).

61. The Commercial Liability Umbrella Policy does not afford coverage for intentional acts and therefore it does not cover the allegations set forth in the *Conical* Action.

WHEREFORE, Central respectfully request entry of a declaratory judgment finding and declaring that:

a. Central has no duty to defend or indemnify Padnos in the *Conical* Action, and;

b. Central is entitled to recover the attorney fees and costs incurred to prosecute this action, and any other relief this Court deems just and proper.

## JURY DEMAND

Central requests a jury trial on all claims for which a jury trial is available.

Respectfully submitted,

/s/ Corinne F. Shoop
CORINNE F. SHOOP
Gregory, Meyer & Chapnick, P.C.
Attorneys for Plaintiff Central
340 E. Big Beaver Road, Ste. 520
Troy, MI 48083
(248) 689-3920/(248) 689-4560 -Fax
P38145